This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42878

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**LERENZO ANDRADE LEGARDY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Conrad F. Perea, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant appeals the district court's judgment and sentence, convicting him of one count of child abuse. Unpersuaded by Defendant's docketing statement, we issued a notice proposing to summarily affirm. Defendant has responded to our notice with a memorandum opposing our proposed analysis. After due consideration, we affirm.

**{2}** On appeal, Defendant contends: (1) the district court erred by refusing to dismiss the child abuse charge regarding I.J. under *State v. Harper*, 2011-NMSC-044, 150 N.M.

745, 266 P.3d 25, and *State v. Le Mier*, 2017-NMSC-017, 364 P.3d 959 [MIO 4-7]; (2) the evidence was insufficient to prove child abuse [MIO 8-11]; and (3) the district court erred by submitting the non-uniform jury instruction on lawfulness that was requested by the defense [MIO 11-13].

{3}     In response to our proposed affirmance of the district court's order that excluded I.J. as a witness, but refused to dismiss the child abuse charge relating to I.J., Defendant provides additional information about the hearing on Defendant's motion to dismiss. Defendant does not persuade us that the district court erred in its application of the factors set forth in *Harper* and *Le Mier. See Harper*, 2011-NMSC-044, ¶¶ 16-19 (explaining that dismissal is only for exceptional circumstances and after a consideration of (1) the culpability of the offending party, (2) the prejudice to the opposing party, and (3) lesser sanctions). Defendant's response explains that I.J. was in the custody of the Children, Youth & Families Department (CYFD), and that, despite a subpoena, CYFD did not transport I.J. for the pretrial interview. [MIO 6] As we speculated in our notice, the State's culpability rested on bare fact that I.J. was its witness. [CN 2; MIO 6] *See Le Mier*, 2017-NMSC-017, ¶ 24 ("Parties must obey discovery orders.").

{4}     Defendant's response also confirms that the prejudice to the defense resulting from I.J.'s absence from pretrial interviews was merely the closeness of trial, which justified the district court's exclusion of I.J. as a witness. [MIO 6] Defendant does not demonstrate that any other prejudice resulted from the State's pursuit of the child abuse charge based on the testimony of I.J.'s older brother and photographic evidence, such that the exclusion of I.J.'s testimony was inadequate and dismissal of that charge was warranted. *See State v. Davidson*, 2024-NMCA-060, ¶ 32, 553 P.3d 532 ("Even when the [s]tate has acted with a high degree of culpability, dismissal is an appropriate sanction only where the opposing party suffered tangible prejudice, from missing evidence that is important and critical to the case." (internal quotation marks and citation omitted)). As a result, Defendant fails to show that the lesser sanction of exclusion was insufficient to protect Defendant's rights or otherwise unsuited to the discovery violation. We remain unpersuaded the district court abused its wide discretion by excluding I.J. as a witness and refusing to dismiss the charge. *See Le Mier*, 2017-NMSC-017, ¶ 22 ("Trial courts possess broad discretionary authority to decide what sanction to impose when a discovery order is violated."). Accordingly, we affirm the district court's order denying Defendant's motion to dismiss. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{5}     Defendant continues to pursue his challenge to the sufficiency of the evidence to support his conviction for child abuse, confirming that he challenges only the second element in the jury instruction: by repeatedly striking I.J. with an extension cord, Defendant caused I.J. to be tortured, cruelly confined, or cruelly punished. [MIO 8; RP 141] Defendant contends that he did not intend to abuse I.J.; he intended to discipline I.J. in a manner he thought appropriate, which was within his parental privilege. [MIO 9-

11] Defendant states that his view of "whoopings" is based on his childhood experience and also suggests that corporal punishment of children is a cultural norm among Black parents. [MIO 10-11] Defendant does not state that he presented any evidence of this cultural distinction in district court and no cultural defense instruction was given. Rather, a parental privilege instruction was given, which required the State to prove that Defendant's discipline of I.J. was not an exercise of "moderate or reasonable physical force." [RP 142] *See State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured.").

**{6}** As we explained in our notice, the standard of appellate review requires this Court to view the evidence, and make reasonable inferences therefrom, in favor of the fact-finder's verdict and to disregard the evidence that supports a different result. *See State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230; *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. After viewing the evidence in this manner, we then determine whether the evidence supports the verdict. *See State v. Garcia*, 2016-NMSC-034, ¶ 24, 384 P.3d 1076.

**{7}** The State presented the eye witness testimony of I.J.'s older brother, who intervened and physically stopped Defendant from continuing the beating of I.J. by engaging in a physical altercation with Defendant, and the State introduced photographs showing multiple open, bloody cuts on I.J.'s body from being struck by Defendant repeatedly with an extension cord. [MIO 11; DS 4] Defendant does not persuade us that our proposed analysis was incorrect. Thus, under the law examined and applied in our notice [CN 4-8], we hold that even if the jury believed Defendant's reasoning for disciplining I.J., the evidence was sufficient to prove that Defendant used a level of physical force that exceeded the bounds of reasonableness and moderation that is protected by parental privilege. *See State v. Lefevre*, 2005-NMCA-101, ¶¶ 18-21, 138 N.M. 174, 117 P.3d 980 (explaining that there is a threshold for justifiable parental physical force in disciplining children, and that where reasonable minds can differ on whether the evidence passed that threshold, we defer to the jury's judgment on the legal consequences). Therefore, we uphold Defendant's conviction.

**{8}** Lastly, Defendant continues to pursue his contention that the district court erred by submitting a non-uniform jury instruction to the jury rather than the unlawfulness instruction found in UJI 14-132 NMRA. [MIO 11-13] Defendant again acknowledges that this claim was not preserved and that the defense requested the non-uniform instruction given. [Id.] Our notice explained that "[a] party may not be rewarded with a new trial when it invites jury instruction error and subsequently complains about that very error." *State v. Ortega*, 2014-NMSC-017, ¶ 34, 327 P.3d 1076. We also noted that Defendant made no attempt to show prejudice he may have suffered as a result of the parental privilege instruction given, which accurately reflected New Mexico law. [CN 8-9] Defendant makes no additional legal or factual argument in response to our notice. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and explaining that the repetition of earlier arguments

does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We conclude that Defendant does not demonstrate error.

**{9}** For the reasons set forth above and in our notice, we affirm the district court's judgment and sentence.

**{10} IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**GERALD E. BACA, Judge**